UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

LYNDA STEINBECK, on behalf of herself )
and all other similarly situated, )
 )
                Plaintiff, )
 )
v. ) Case No. 08-CV-0378-CVE-PJC
 )
DOLLAR THRIFTY AUTOMOTIVE )
GROUP, INC. And DTG OPERATIONS, Inc., )
 )
 )
                Defendants. )

## OPINION AND ORDER

Now before the Court is the Motion for Judgment on the Pleadings on Plaintiff's Claim For Breach of the Oklahoma Consumer Protection Act (Dkt. # 13) filed by defendants Dollar Thrifty Automotive Group, Inc. and DTG Operations, Inc. (collectively "DTAG").[1] DTAG moves for judgment pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. DTAG seeks judgment on lead plaintiff Lynda Steinbeck's claim, on behalf of herself and all others similarly situated, under the Oklahoma Consumer Protection Act ("OCPA"), OKLA. STAT. tit. 15, §§ 751-764.1.[2] Plaintiff alleges that the Late Return Fee charged by DTAG is a deceptive trade practice that violates the

---

[1] Plaintiff filed an amended complaint naming DTG Operations, Inc. as an additional defendant. Dkt. # 21. DTG Operations, Inc. has adopted DTAG's arguments and joins in this motion. Dkt. # 29.

[2] DTAG does not move for judgment on the pleadings with respect to plaintiff's claims of unjust enrichment and for declaratory relief.

OCPA. DTAG claims that the OCPA is not applicable because the consumer transaction did not occur within the state of Oklahoma.

## I.

On a Rule 12(c) motion for judgment on the pleadings, a court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff. See, e.g., EEOC v. W.H. Braum, Inc., 347 F.3d 1192, 1195 (10th Cir. 2003); Ramirez v. Dep't of Corrections, 222 F.3d 1238, 1240 (10th Cir. 2000). Documents attached to the pleadings may be considered part of the record in a motion for judgment on the pleadings. See Park University Enterprises, Inc. v. American Cas., 442 F.3d 1239, 1244 (10th Cir. 2006). The following facts are taken from the pleadings and attachments.

DTAG, operating as Dollar Rent A Car and Thrifty Car Rental, rents vehicles to customers nationwide. Dkt. # 2-3, at 2. DTAG charges customers a "Late Return Fee" (the "Fee") of $10.99 per day for every day that a rental vehicle is out beyond the date of return specified in the rental agreement. Dkt. # 21, at 2. The Fee is applied to all returns, including situations where the customer and the rental agent agree that the customer can extend the rental beyond the original term of the rental agreement. Dkt. # 21, at 2. Plaintiff alleges that customers are not adequately informed about DTAG's policies with respect to how and when the Fee applies. Dkt. # 21, at 2. Plaintiff alleges that the language in the rental contract is confusing and unclear, and leads customers to believe that the contract is extended without penalty. Dkt. # 21, at 2.

Lead plaintiff, Lynda Steinbeck, rented a vehicle from a Thrifty Car Rental location in Arizona. Dkt. # 21, at 5. Steinbeck wanted to extend the term of her contract beyond the original return date specified on her rental statement. Dkt. # 21, at 5. On instruction from a Thrifty

representative, Steinbeck returned to the Thrifty location where she rented the vehicle and extended the agreement. Dkt. # 21, at 5. Upon returning the vehicle, Steinbeck learned that she had been charged the Fee. Dkt. # 21, at 5. A Thrifty representative explained that the Fee is imposed any time a vehicle is returned after the original return date. Dkt. # 21, at 5. Steinbeck's rental statement includes a paragraph stating that a "Late Return Fee of $10.99 per day will apply (to a Max of $54.95) if you return AFTER 09/05/07." Dkt. # 2-3, at 5.

Plaintiff does not specifically allege that DTAG created, mandated, or administered the Fee from its corporate headquarters in Oklahoma.

## II.

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is governed by the same standard of review applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Nelson v. State Farm Mut. Auto Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss a complaint for failure to state a claim should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. When deciding whether to grant a

3

motion to dismiss, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Id. at 1965; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002).  Nonetheless, a court need not accept as true those allegations which are conclusory in nature.  Erikson v. Pawnee County Bd. of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001) (citations omitted).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellman, 935 F.2d 1106, 1109-10 (10th Cir. 1991).  In sum, the claimant must allege facts sufficient to state a claim for relief that is plausible on its face. Twombly, 127 S. Ct. at 1974.

### III.

The OCPA was enacted to protect consumers from unfair and deceptive trade practices, providing a private right of action for aggrieved consumers. Patterson v. Beall, 19 P.3d 839, 846 (Okla. 2000).  In order to state a claim under the OCPA, a plaintiff must allege four elements: (1) the defendant engaged in an unlawful practice under OKLA. STAT. tit. 15, § 753; (2) the unlawful practice occurred in the course of the defendant's business operations; (3) the plaintiff, in his capacity as a consumer, was injured; and (4) the defendant's unlawful practice caused the plaintiff's injury. Id.  The OCPA does not explicitly state whether it applies only to in-state consumer transactions or whether it reaches conduct occurring in another state.  The statute expresses no intent to reach conduct occurring outside of Oklahoma.

Both parties devote a great deal of their supporting briefs discussing Oklahoma choice-of-law principles.  However, plaintiff explicitly brought her claim under the OCPA.  Accordingly, the

question presented is not whether Oklahoma law applies generally, but whether the OCPA specifically applies to the facts of this case. Put another way, the appropriate question for DTAG's motion for judgment on the pleadings with respect to plaintiff's OCPA claim is whether an Oklahoma corporation can be found to have violated the OCPA for a consumer transaction that occurred in Arizona.[3]

Generally, state consumer protection statutes do not provide relief to out-of-state consumers for an out-of-state consumer transaction. See, e.g., New Hampshire Regulation of Business Practices for Consumer Protection (N.H. REV. STAT. ANN. § 358-A:2) ("It shall be unlawful for any person to use any unfair method of competition or any unfair or deceptive act or practice in the conduct of any trade or commerce within this state.") (emphasis added); Massachusetts Regulation of Business Practices for Consumer Protection (MASS. GEN. LAWS ch. 93A § 11 (transaction must arise "primarily and substantially" within Massachusetts); Ohio Consumer Practices Act (OHIO REV. CODE ANN. § 1345.04) (transaction must occur within the state). Courts have also been reluctant to extend the reach of a state's consumer protection act to include transactions conducted in another state. See, e.g., Vulcan Golf, LLC v. Google Inc., 552 F. Supp. 2d 752, 775 (N.D. Ill. 2008) (dismissing claim based on Illinois state consumer protection statute because the deceptive practice did not occur "primarily and substantially" in Illinois); Speyer v. Avis Rent a Car System, Inc., 415 F. Supp. 2d 1090, 1099 (S.D. Cal. 2005) (citing California cases that hold that California's consumer

---

[3] The Arizona Consumer Fraud Act does not explicitly provide a private right of action for consumers. ARIZ. REV. STAT. ANN. § 44-1521, et seq. However, courts in Arizona have inferentially created such a right. See Sellinger v. Freeway Mobile Home Sales, Inc., 521 P.2d 1119 (Ariz. 1974).

protection statute does not cover an out-of-state consumer transaction causing injury to a consumer in another state).

The Oklahoma Supreme Court has determined that the appropriate inquiry in deciding the applicability of a consumer protection statute is whether the consumer transaction occurred within the state. Harvell v. Goodyear Tire and Rubber Co., 164 P.3d 1028, 1037 (Okla. 2006). In Harvell, a national car repair chain, headquartered in Ohio, charged customers nationwide a "shop fee" to cover miscellaneous supplies used in repairing a customer's car. Id. at 1031. The plaintiff argued that the Ohio Consumer Sales Practices Act, OHIO REV. CODE ANN. § 1345.04, should apply to a consumer transaction in Oklahoma because the defendant developed the practice of charging a shop fee at its corporate headquarters in Ohio. Id. at 1037. The Ohio statute, unlike the OCPA, specifically states that the act or practice must occur within the state of Ohio. OHIO REV. CODE ANN. § 1345.04. See also Shorter v. Champion Home Builders Co., 776 F. Supp. 333, 338-39 (N.D. Ohio 1991). Nonetheless, the Oklahoma Supreme Court, independent of the specific provision in the Ohio statute, concluded that "any unfair deceptive or unconscionable conduct toward a consumer occurred where the transaction occurred," regardless of where the company developed the practice. Harvell, 164 P.3d at 1037. Accordingly, although the OCPA is silent with respect to reach of the statute, it is reasonable to conclude that the Oklahoma Supreme Court's reasoning in Harvell applies to the OCPA. Further, the Oklahoma Supreme Court did not make a distinction between the outcome based on the Ohio statute and what the outcome would have been had the OCPA applied instead.

While plaintiff correctly argues that Oklahoma has an interest in deterring deceptive business practices by its corporate citizens, plaintiff fails to allege facts that would lead the Court to conclude

that DTAG's corporate headquarters were so actively involved in the administration of the allegedly deceptive practices as to mandate a departure from the Oklahoma Supreme Court's analysis in Harvell. Even assuming that DTAG collected revenue from the Fee in its Oklahoma headquarters and mandated that branches in other states charge the Fee without exception, the rental agreement was entered into in Arizona and any allegedly deceptive acts occurred there. The OCPA does not apply here, and accordingly, plaintiff has not stated a claim for relief pursuant to the OCPA.

**IT IS THEREFORE ORDERED** that DTAG's Motion for Judgment on the Pleadings on Plaintiff's Claim For Breach of the Oklahoma Consumer Protection Act (Dkt. # 13) is **granted**.

**DATED** this 15th day of September, 2008.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT