**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| LYNDA STEINBECK, on behalf of herself<br>and all other similarly situated, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-0378-CVE-PJC |
| | ) | |
| DOLLAR THRIFTY AUTOMOTIVE | ) | |
| GROUP, INC. And DTG OPERATIONS, Inc., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Now before the Court is Defendant Dollar Thrifty Automotive Group, Inc.'s Motion to Determine the Matter Cannot Proceed as a Class Action (Dkt. # 12). Dollar Thrifty Automotive Group, Inc. and DTG Operations, Inc. (collectively "DTAG")[1] seek a determination that lead plaintiff Lynda Steinbeck's claims, on behalf of herself and all others similarly situated, are not maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff alleges that DTAG's allegedly deceptive business practices resulted in DTAG's unjust enrichment and seeks declaratory relief on behalf of a nationwide class of consumers.[2] Plaintiff argues that DTAG's motion to deny class certification is premature.

---

[1]     Plaintiff filed an amended complaint naming DTG Operations, Inc. as an additional defendant. Dkt. # 21. DTG Operations, Inc. has adopted DTAG's arguments and joins in this motion. Dkt. # 29.

[2]     DTAG was granted judgment on the pleadings on plaintiff's claim pursuant to the Oklahoma Consumer Protection Act. Dkt. # 31.

**I.**

DTAG, operating as Dollar Rent A Car and Thrifty Car Rental, rents vehicles to customers nationwide. Dkt. # 2-3, at 2.  In August 2007, DTAG began to charge customers a "Late Return Fee" (the "Fee").  Dkt. # 30-2.  Pursuant to that policy, customers are charged $10.99 per day for every day that a rental vehicle is out beyond the date of return specified in the rental agreement. Dkt. # 21, at 2.  The Fee is applied to all returns, including situations where the customer and the rental agent agree that the customer can extend the rental beyond the original term of the rental agreement.  Dkt. # 21, at 2.  Plaintiff alleges that customers are not adequately informed about DTAG's policies with respect to how and when the Fee applies.  Dkt. # 21, at 2.  Plaintiff alleges that the language in the rental contract is confusing and unclear, and leads customers to believe that the contract is extended without penalty.  Dkt. # 21, at 2.

Lead plaintiff, Lynda Steinbeck, rented a vehicle from a Thrifty Car Rental location in Arizona.  Dkt. # 21, at 5.  Steinbeck wanted to extend the term of her contract beyond the original return date specified on her rental statement.  Dkt. # 21, at 5.  On instruction from a Thrifty representative, Steinbeck returned to the Thrifty location where she rented the vehicle and extended the agreement.  Dkt. # 21, at 5.  Upon returning the vehicle, Steinbeck learned that she had been charged a the Fee.  Dkt. # 21, at 5.  A Thrifty representative explained that the Fee is imposed any time a vehicle is returned after the original return date on the rental statement.  Dkt. # 21, at 5. Steinbeck's rental statement (the "Statement") includes a paragraph stating that a "Late Return Fee of $10.99 per day will apply (to a Max of $54.95) if you return AFTER 09/05/07." Dkt. # 2-3, at 5.  The parties have not submitted the rental agreement (the "Agreement") referenced above the signature line on the Statement.  Dkt. # 2-3, at 5.  According to the Statement, the Agreement

2

contains additional terms and conditions to which Steinbeck agreed to by signing the Statement. Dkt. # 2-3, at 5.

Plaintiff alleges that the potential class will include individuals who were charged the Fee. Dkt. # 2-2.  According to DTAG, one hundred twenty-three thousand five hundred and sixty-four customers (123,564) have been charged the Fee from August 2007 through May 2008.  Dkt. #2-2.

Plaintiff does not specifically allege that DTAG created, mandated, or administered the Fee from its corporate headquarters in Oklahoma, nor does plaintiff allege that DTAG trained its employees to make deceptive or misleading oral representations with respect to the Fee.

## II.

Pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure, the court must determine whether to certify an action as a class action at an "early practicable time" after a person sues as a class representative.  The defendant need not wait for the plaintiff to act, but may move for an order denying class certification.  See Rutledge v. Electric Hose & Rubber Co., 511 F.2d 668, 674 (9th Cir. 1975) (affirming district court's grant of defendant's motion disallowing case to proceed as a class action); Cook County College Teachers Union v. Byrd, 456 F.2d 882, 885 (7th Cir. 1972); Osborn v. Pennsylvania-Delaware Service Station, 499 F. Supp. 553, 560 (D. Del. 1980). Plaintiff argues that it is premature to find that a class cannot be certified because she has not yet moved for class certification.  Plaintiff's argument is not persuasive, as a defendant may properly move to deny class certification prior to plaintiff filing a motion for class certification.  Plaintiff also argues that she has not had sufficient time to conduct discovery, although she does not specify what evidence she is seeking in support of a motion for class certification.  While DTAG's motion is not

premature as a matter of law, the Court agrees that further evidence is needed before ruling on class certification.

Upon a thorough review of the record, the Court finds that the Statement clearly states that the Fee applies when a vehicle is returned after the original return date.  Dkt. # 2-3, at 5.  The information pertaining to the Fee is printed on the front of the Statement in the same sized font as the other rental terms.  Dkt. # 2-3, at 5.  The Statement does not make an exception for customers who extend their rental contracts.  Dkt. # 2-3, at 5.  Instead, it seems that the deceptive practice plaintiff alleges is based on oral representations made by the Thrifty rental agent in Arizona. Without some limited discovery, it is not evident that DTAG had a corporate policy of instructing rental agents to mislead customers seeking to extend their rentals, despite what is plainly written on the face of the Statement.  At this time, however, the Court lacks evidence that would support a claim that customers other than plaintiff may have been injured on the basis of misleading or deceptive oral communications by DTAG employees.  Plaintiff would need to prove that DTAG's corporate headquarters trained or otherwise instructed its employees to mislead customers about when and how the Fee will apply.  Accordingly, materials such as corporate policy manuals, training materials, or other corporate communications relating to the Fee would provide necessary evidence to determine whether a class of consumers can be properly certified.

Further, the Court is without knowledge of whether other customers have complained to DTAG about the imposition of the Fee after an oral or written communication relating to extension of the rental.  Evidence of such complaints could indicate that there may be a class of customers who have been injured by false or misleading oral or written statements with respect to the Fee.

4

**IT IS THEREFORE ORDERED** that Defendant Dollar Thrifty Automotive Group, Inc.'s Motion to Determine the Matter Cannot Proceed as a Class Action (Dkt. # 12) is **denied**.  The Court will allow limited discovery of the following: (1) corporate training materials from 2006 to the present related to the Fee and rental extension; (2) corporate policy materials from 2006 to the present related to the Fee and rental extension; (3) corporate communications from 2006 to the present relating to the Fee and rental extension; (4) records of other customer complaints with respect to the imposition of the Fee after an oral or written communication relating to extension of the rental; and (5) plaintiff's individual claims.  All other discovery is stayed pending a decision on class certification.

**IT IS FURTHER ORDERED** that the deadline for this limited discovery other than as to plaintiff's individual claims is **November 24, 2008**.  Plaintiff's motion for class certification is due on **December 8, 2008**; response and reply per local rules.  The Court will enter a scheduling order after it rules on class certification or, if no motion for class certification is filed, after **December 8, 2008**.

**DATED** this 19th day of September, 2008.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT